UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINDA VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JOES MARKET, *et al.*,<br><br>    Defendants. | Case No. 18-cv-07817-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; SETTING FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 57 |

On June 29, 2020, plaintiff Celinda Vazquez filed a motion for summary judgment arguing there are no material issues of fact regarding her disability access claims against Joe's Market, Nageeb Alnagar, and Halima Alnagar (collectively "defendants"). Defendants did not file an opposition. The motion is scheduled for a hearing on July 31, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter it suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion and schedules a further case management conference for **October 16, 2020 at 3:30 p.m.**

## BACKGROUND

On November 14, 2018, plaintiff Celinda Vasquez filed this lawsuit against defendants alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*, based upon alleged access barriers that she encountered at Joe's Market in Richmond, CA. Plaintiff states she is disabled and substantially limited in performing one or more major life activities, including but not limited to walking, standing, ambulating, sitting, as well as twisting, turning, and grasping objects. Vazquez Decl. ¶ 2 (Dkt. No. 55-2).

On September 26, 2018, plaintiff went to the Joe's Market to purchase food and to check if it was accessible to persons with disabilities according to federal and state law. *Id.* ¶ 3. Joe's Market was owned by defendants Nageeb Alnagar and Halima Alnagar on September 26, 2018. Nakano Decl. Ex. A ¶¶ 3, 4 (Dkt. No. 55-3) (Defendants' Answer to Plaintiff's Complaint).[1]

Plaintiff's declaration states that when she visited Joe's Market, she found "that the accessible parking spaces and adjacent accessible aisles contained slopes excessive of the maximum grade allowed by accessibility guidelines." Vazquez Decl. ¶ 5. Plaintiff also states that "there was no accessible route connecting the accessible parking spaces to the accessible entrance." *Id.* ¶ 6. Finally, plaintiff states that "the service counter at the Business is not accessible for either a parallel or forward approach," and "the accessible portion of the service counter does not extend the same depth as the higher service counter at the Business . . . ." *Id*. ¶ 7. Plaintiff has attached three photographs to her declaration: two appear to be identical pictures of a parking space designated as "accessible" and marked with signage (Ex. A, C), and one picture is of the front entrance to the market (Ex. B). There are no pictures of the allegedly inaccessible counter, and the photographs of the parking space do not contain any measurements. Plaintiff states that she would like to return to Joe's Market to get gas and refreshments "if it was fully accessible." *Id*. ¶ 10.

Plaintiff's motion states that she had a Certified Access Specialist ("access specialist") visit Joe's Market on April 17, 2019 to investigate the violations, and her motion includes descriptions of the specialist's findings (such as surface slope measurements) Pl's Mtn. at 6-7 (Dkt. No. 55-1). However, plaintiff has not submitted the access specialist's report to the Court.

---

[1] Joe's Market and the Alganars were initially represented by counsel in this case. In December 2019, defense counsel filed a motion to withdraw, which this Court granted effective February 28, 2020. The docket reflects that defendants have been repeatedly informed that a corporation may not represent itself. Since the withdrawal of defense counsel, defendants have not appeared for hearings in this case, they have not filed any documents in this case, and they have not retained new counsel. On June 7, 2020, the Court received the following email message: "Hi, My name is Malkah Alnagar and I am replying to you on behalf of my father, Nageeb Alnagar. He is still in Yemen and hasn't been able to return to the United States because of covid-19 and the airport closures. There is no way for him to reply to you until he comes back. We're not sure when the airport in Yemen will reopen so if you can, please postpone until his return. Thank you M. A."

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

For summary judgment, the Court must view evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Parties must present admissible evidence. Fed. R. Civ. P. 56(c).

**DISCUSSION**

Title III of the ADA prohibits discrimination by public accommodations. 42 U.S.C. §§ 12182-12188 (1990). As a general rule, Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any

person who owns, leases (or leases to), or operates a place of public accommodation." *Id.* § 12182(a). This rule requires that existing facilities be readily accessible to, and usable by, the disabled. *Id.* §§ 12182(b)(2)(A)(iv), 12188(a)(2). "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG') which lay out the technical structural requirements of places of public accommodation." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 779 F.3d 1001, 1005 (9th Cir. 2015). These guidelines "are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." *Id.* (internal citation marks omitted).

In the disability context, state law operates similarly to the ADA, as California's Unruh Act provides that any violation of the ADA necessarily "shall constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f) (2016); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). A Title III discrimination claim, and by extension the Unruh Act, is premised on the following elements: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) that plaintiff was denied public accommodations by defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b) (1990); *Molski*, 481 F.3d at 730.

Plaintiff seeks summary judgment on her claims under the ADA and the Unruh Act. Plaintiff seeks $12,000 in statutory damages pursuant to the Unruh Act ($8,000 in statutory penalties based on encountering two different barriers, as well as another $4,000 for deterrence from returning).[2] Plaintiff's proposed order also requests injunctive relief ordering defendants to provide "an ADA compliant premises." Dkt. No. 55-5.

### I.   Plaintiff Has Provided Sufficient Evidence She Has a Disability

The ADA defines disability as "(A) a physical or mental impairment that substantially limits

---

[2] Confusingly, plaintiff's motion states that she seeks $8,000 in statutory damages based on defendants' "failure to provide van accessible parking and an accessible ramp." Pl's Mtn. at 5. However, neither plaintiff's declaration nor the balance of the motion discusses the failure to provide a ramp. It is not clear if the reference to a ramp is a typographical error, or if the mention of a ramp is somehow connected to the alleged inaccessible slopes.

1  one or more of the major life activities ...; (B) a record of such impairment; or (C) being regarded
2  as having such an impairment." 42 U.S.C. § 12102(2).  To prove disability, plaintiff must establish
3  that she meets any one of these tests.

4  Under the ADA, major life activities include walking, standing, and bending. *Id.* Plaintiff
5  states under oath that she is "physically disabled" and is "substantially limited in performing major
6  life activities" which include "walking, standing, sleeping, ambulating, and sitting." Vazquez Decl.
7  ¶ 2. Plaintiff states under oath that she has a Disabled Persons Parking Placard. *Id.* Plaintiff's
8  motion also claims that she uses a wheelchair, but she does not state this under oath in her
9  declaration. Plaintiff has made a sufficient showing that she has a disability for the purposes of this
10 motion.

## II. Joe's Market is a Public Accommodation

"The ADA expressly provides that 'private entities are considered public accommodations . . . if the operations of such entities affect commerce.'" *Johnson v. Baglietto*, No. 19-cv-06206-TSH, 2020 WL 3065949, at *5 (N.D. Cal. May 21, 2020) (quoting 42 U.S.C. § 12181(7)). Under 42 U.S.C § 12187(E), commercial establishments like the Business are considered places of public accommodation.  "The ADA also provides that owners and lessors of places of public accommodation are expressly responsible for ensuring compliance." *Id.* (quoting 42 U.S.C. § 12182(a)). Nageeb and Halima Alnagar owned the Business on the date plaintiff encountered the access barriers. Nakano Decl. ¶ 2, Ex. 1 ¶¶ 3-4. Plaintiff has therefore satisfied the second element of her ADA claim.

## III. Plaintiff Has Not Provided Evidence of the Alleged Access Barriers

Plaintiff "bears the burden of showing a violation of the ADA Accessibility Guidelines, the substantive standard of ADA compliance." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008). Plaintiff mentions the following barriers in her motion: (1) the "accessible" parking space

1    is inaccessible because of excessive slopes[3]; (2) the route from the parking space to the entrance of
2    the market is inaccessible because of excessive slopes; (3) there is no accessible signage posted at
3    the head of the parking space; and (4) the service counter is inaccessible.  For each of these barriers,
4    plaintiff's motion cites specific ADAAG regulations that she contends have been violated.
5    Plaintiff's evidence of the access barriers consists of her declaration and the attached photographs.

6          For example, plaintiff's motion asserts that that "[t]he accessible route extending from the
7    parking at the west side of the Property to the main entrance of the Business contains cross slopes
8    in excess of 2.2% - 3.0% in violation of 2010 Standards §[] 403.3."[4]  Pl's Mtn. at 11.  In support of
9    this assertion, plaintiff cites her declaration, in which she states she encountered "slopes excessive
10   of the maximum grade allowed by accessibility guidelines" and that "there was no accessible route
11   connecting the accessible parking spaces to the accessible entrance."   Vasquez Decl. ¶¶ 5-6.
12   Plaintiff's declaration does not state that she conducted measurements of the slopes to determine
13   that they exceed the maximum grade allowed.  Plaintiff's motion also cites the photographs of the
14   parking space, which do not contain any measurements, as well as her "Statement of Undisputed
15   Facts"; however, the Statement of Undisputed Facts circularly cites plaintiff's declaration and the
16   photographs.

17         As noted *supra*, plaintiff did not submit a report by the access specialist detailing any
18   findings about the alleged access barriers.  To the extent plaintiff seeks to rely on her own
19   representations regarding the access specialist's findings, she cannot do so because her descriptions
20   of the specialist's findings constitute inadmissible hearsay.  *See Johnson v. Peralta Cmty. College*
21   *Dist.*, No. C-94-4255 MMC (PJH),1997 WL 227903, at *6 (N.D. Cal. Apr. 28, 1997) (finding the

---

[3] Plaintiff appears to make two distinct access claims in her motion regarding the lack of accessible parking – "Uneven Surfaces in Accessible Parking with Excessive Slope" and "Excessive Slopes in Accessible Parking at West Side of Store."  Pl's Mtn. at 13.  It is not clear whether plaintiff's allegations concern the same parking space, and if they do, how the allegations of excessive slope differ from each other.

[4] ADAAG regulation § 403.3, "Slope," states, "The running slope of walking surfaces shall not be steeper than 1:20. The cross slope of walking surfaces shall not be steeper than 1:48." United States Access Board (amended May 7, 2014), https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-4-accessible-routes; USCA § 792(2)(B).

plaintiff's secondhand statements regarding her doctor's conclusions were inadmissible hearsay). Because "the difference between compliance and noncompliance is . . . often a matter of inches," *Chapman*, 779 F.3d at 1005, the Court cannot determine based on plaintiff's declaration and the photographs attached to plaintiff's declaration whether the slopes in the parking space and route exceed ADAAG regulations. *See Doran*, 524 F.3d at 1048 ("That Doran scraped his knuckles, unsupported by any measurements, is insufficient to demonstrate that 7-Eleven's aisles do not comply with the thirty-six-inch clearance that the Accessibility Guidelines mandate."). Similarly, the record before the Court does not contain evidence showing that the counter is inaccessible (there is not even a photograph of the counter), nor can the Court make any findings about why the signage displayed in the pictures does not comply with ADAAG regulations.

In her reply, plaintiff cites California law for the proposition that "[t]he failure of a party to oppose a motion may be construed as having abandoned their claims," and that "by failing to oppose the Motion, Defendants have conceded the merits of the Motion for Partial Summary Judgment." Pl's Reply at 2 (Dkt. No. 56). This is incorrect. The 2010 amendments to Rule 56(c)(2) of the Federal Rules of Civil Procedure prohibit "the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'" *Heinemann v. Satterberg*, 731 F.3d 914, 927 (9th Cir. 2013) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)); *see also Johnson v. Thomas*, No. 2:14-cv-01352-MCE-KJN, 2018 WL 3861584, at *2 (E.D. Cal. Aug. 14, 2018) ("While '[a] district court may not grant a motion for summary judgment merely because the opposing party has failed to file an opposition,' . . . the Court agrees here that Plaintiff has satisfied 'his burden of showing its entitlement to judgment," where the plaintiff provided evidence that public accommodation did not meet ADAAG standards).

Accordingly, the Court finds that plaintiff has not met her burden on summary judgment to show the existence of access barriers at Joe's Market. Plaintiff is represented by counsel and certainly understood that she was submitting inadequate factual support for this motion. Hence, leave to re-file this motion is not granted.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment. The Court sets a further case management conference for **October 16, 2020 at 3:30 p.m.** at which time the Court will consider setting a trial date and any other proceedings necessary to bring this case to a final resolution.

**IT IS SO ORDERED**.

Dated: July 29, 2020

_____
SUSAN ILLSTON
United States District Judge